UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROL LORRAINE TUCKER,

                Plaintiff,

    v.

RICHARD A. JONES,
United District Court Judge, et al.,

                Defendants.

CASE NO. C20-1852-MJP

REPORT AND RECOMMENDATION

Plaintiff Carol Lorraine Tucker, appearing pro se, filed an application to proceed *in forma pauperis* (IFP) and a proposed civil complaint. (Dkts. 1 & 4.) Plaintiff identifies United States District Judge Richard A. Jones and Chief United States District Court Judge Ricardo S. Martinez as defendants, and seeks to hold them liable individually and in their official capacities for decisions made and actions taken in a prior, dismissed case, *Tucker v. United States Postal Service*, C20-5537-RAJ. She alleges constitutional violations, discrimination under the Americans with Disabilities Act, and liability pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). She seeks injunctive relief in the form of reassignment of her prior case to a Tacoma judge not appointed by a Republican president, the approval of her request for appointment of pro bono counsel, and to hold the United States Postal Service accountable for her allegations against them

REPORT AND RECOMMENDATION
PAGE - 1

and to order them to comply with her disability accommodation request. (Dkt. 1-1 at 6.) The undersigned, for the reasons set forth below, recommends plaintiff's IFP application be denied and the complaint dismissed with prejudice.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an IFP application and should dismiss a complaint if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Among other deficiencies, plaintiff's suit is barred by absolute judicial immunity. The named defendants are absolutely immune from a suit for monetary damages for actions taken in their judicial capacity, unless they acted in clear absence of all jurisdiction so as to render their actions non-judicial, *see Ashelman v. Pope*, 793 F.2d 1072, 1074 (9th Cir. 1986), and, as federal officers, that immunity "'extends to actions for declaratory, injunctive and other equitable relief.'" *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (quoting *Mullis v. Bankruptcy Court for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987)). "This immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id*. at 1244 (internal quotation marks and quoted sources omitted). Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Plaintiff does not show, nor is there any basis for finding Judges Jones and Martinez acted

in the clear absence of all jurisdiction or performed any acts not judicial in nature. Instead, plaintiff's suit appears to be based on her dissatisfaction with the rulings against her. *See, e.g., Tucker v. United States Postal Service*, C20-5537-RAJ (Dkt. 46 (order of Judge Martinez finding no basis for recusal of Judge Jones), Dkt. 53 (order of Judge Jones denying motion for appointment of counsel), and Dkt. 59 (order of Judge Jones dismissing case for want of prosecution for failure to participate in Rule 26(f) conference, to exchange initial disclosures, or to participate in the submission of a joint status report)). Such a suit is barred by absolute judicial immunity.

For the reasons stated above, the request to proceed IFP should be DENIED and this case DISMISSED with prejudice. A proposed order of dismissal accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **Febrary 12, 2021**.

DATED this 21st day of January, 2021.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3